MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy John Florez, | No. CV 12-2319-PHX-DGC (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On October 30, 2012, Plaintiff Timothy John Florez, who was confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).

**I.   Returned Mail**

On October 30, 2012, the Clerk of Court filed a Notice of Assignment, assigning this action to the undersigned Judge. On October 30, 2012, the Clerk of Court mailed a copy of the Notice of Assignment to Plaintiff at his last known address at the Maricopa County Fourth Avenue Jail.

On November 5, 2012, the Notice of Assignment was returned to the Court as "Not Deliverable as Addressed[;] Unable to Forward," with a notation that Plaintiff was "No Longer in Custody." Plaintiff has failed to file a Notice of Change of Address or notify the Court in any way of his whereabouts. Accordingly, the Clerk of Court has been unable to remail the copy of the Notice of Assignment to Plaintiff.

1  Rule 3.4 of the Local Rules of Civil Procedure requires that an incarcerated litigant 2 comply with the instructions attached to the court-approved complaint form.  Those 3 instructions state: "You must immediately notify the Court . . . in writing of any change in 4 your mailing address. **Failure to notify the Court of any change in your mailing address** 5 **may result in the dismissal of your case.**" (Instructions for a Prisoner Filing a Civil Rights 6 Complaint in the United States District Court for the District of Arizona at 2(7) (emphasis 7 in original)).

8 **II.    Failure to Prosecute**

9  Plaintiff has the general duty to prosecute this case.  See Fidelity Philadelphia Trust 10 Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the 11 duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her 12 current address and to comply with the Court's orders in a timely fashion. This Court does 13 not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears 14 the burden of keeping the court apprised of any changes in his mailing address." Carey v. 15 King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of 16 his new address constitutes a failure to prosecute.

17  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the 18 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may 19 move for dismissal of an action." In Link v. Wabash Railroad Company, 370 U.S. 626, 629- 20 31 (1962), the Supreme Court recognized that a federal district court has the inherent power 21 to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) 22 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, 23 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even 24 without notice or a hearing. Id. at 633.

25  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, 26 the Court must weigh the following five factors: "(1) the public's interest in expeditious 27 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to 28 the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

- 2 -

availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action, therefore, will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**IT IS ORDERED:**

(1) The Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

. . . .

(2) The Application to Proceed *In Forma Pauperis* (Doc. 2) is **denied as moot**.

---

[1]The Court notes, moreover, that Plaintiff did not identify a jurisdictional basis for his lawsuit and that both of the Defendants he sued, the Maricopa County Sheriff's Office and Correctional Health Services, are improper Defendants.

1   DATED this 26th day of November, 2012.

_____
David G. Campbell
United States District Judge

- 4 -